IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| John David Latimore, Jr., ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 6:18-cv-2546-TMC |
| v. ) | |
| ) | **ORDER** |
| PFC R. W. VanPelt, ) | |
| ) | |
| Defendant. ) | |
| ) | |

Plaintiff, proceeding pro se and in forma pauperis, filed this action pursuant to 42 U.S.C. § 1983, alleging that Defendant violated his constitutional rights. (ECF No. 1). Plaintiff is a pretrial detainee incarcerated at the Laurens County Detention Center in Laurens, South Carolina. In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02, D.S.C., this matter was referred to a magistrate judge for pretrial handling.

Now before the court is the magistrate judge's Report and Recommendation ("Report"), recommending that the court dismiss the case pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), without service of process, for failure to state a claim upon which relief may be granted. (ECF No. 9). Additionally, the Report recommends that the court abstain from adjudicating Plaintiff's claims under *Younger v. Harris*, 401 U.S. 37 (1971), because "[a] ruling in Plaintiff's favor in this case would call into question the validity of the criminal charges pending against him and would significantly interfere with Plaintiff's ongoing state criminal proceedings." (ECF No. 9 at 8). Plaintiff was advised of his right to file objections to the Report, (ECF No. 9 at 10), and Plaintiff timely filed objections (ECF No. 11).

The Report has no presumptive weight and the responsibility to make a final determination in this matter remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-

71 (1976). The court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In such a case, the court reviews the Report only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

In this case, Plaintiff's objections restate his conclusory legal claims, fail to identify any alleged errors in the Report, and otherwise do not relate to the dispositive portions of the magistrate judge's Report. Moreover, Plaintiff's objections raise new claims in conclusory fashion and add factual allegations to support his existing claims. Generally, this is improper, as Plaintiff "cannot use his objections to plead new claims or cure the factual defects of his existing claims against Defendant." *Backus v. Cox*, 2013 WL 5707328, at *2 (D.S.C. Oct. 18, 2013). Out of an abundance of caution, the court entered a text order allowing Plaintiff 14 additional days to amend his Complaint to cure the deficiencies. (ECF No. 14). Plaintiff timely filed a response to the court's text order. (ECF No. 16). The court has thoroughly reviewed the Plaintiff's response (ECF No. 16) and concludes that it is virtually identical to his previous-filed objections. Accordingly, finding no clear error, this court finds no reason to deviate from the Report's recommended disposition.

Therefore, the court adopts the Report (ECF No. 9) and incorporates it herein. Accordingly, this case is **DISMISSED** without prejudice and without service of process.

**IT IS SO ORDERED.**

s/Timothy M. Cain  
United States District Judge

December 20, 2018  
Anderson, South Carolina

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.